UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN D. CLARK, SR.,<br><br>            Plaintiff,<br><br>    vs.<br><br>JOHN GROSS, POLICE OFFICER AT MINNEHAHA POLICE STATION, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CRYSTAL JOHNSON, STATES ATTORNEY AT MINNEHAHA COURTHOUSE, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; ERIC DOPPENBERG, CORRECTION OFFICER AT MINNEHAHA COUNTY JAIL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND JUDGE BRAD ZELL, JUDGE AT MINNEHAHA COURTHOUSE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>            Defendants. | 4:15-CV-04068-KES<br><br><br>ORDER ON MOTION TO APPOINT COUNSEL AND TO COMPEL<br><br>DOCKET NO. 29 |

       This matter is before the court on plaintiff Jonathan D. Clark, Sr.'s *pro se* complaint pursuant to 42 U.S.C. § 1983.  See Docket No. 1.  The court screened Mr. Clark's complaint and found that Mr. Clark's excessive force claim against defendants John Gross and Eric Doppenberg survived screening.  See Docket Nos. 16 & 18.  Those two defendants were accordingly served with

summonses and a copy of Mr. Clark's complaint and they have filed an answer to Mr. Clark's complaint. See Docket No. 21.

Pursuant to FED. R. CIV. P. 30(a)(2)(B), defendants Gross and Doppenberg moved the court for permission to take Mr. Clark's deposition, which motion the court granted. See Docket Nos. 26 & 27. Thereafter, Mr. Clark filed the instant motion captioned "Plaintiff's Pro Se Motion Requesting Appointment of Counsel and Discovery (of Evidence)." See Docket No. 29. In that motion, Mr. Clark explains that he wishes to have counsel represent him in his deposition. Id. Although he asks the court to "compel discovery," he never explains what discovery he wishes to receive. Id.

First, as to the discovery motion, the court denies Mr. Clark's motion. The rules of discovery in civil cases in federal court are governed by the Federal Rules of Civil Procedure, especially Rules 26, and 30-37. Those rules require Mr. Clark to first serve written discovery requests for specific information or documents on defendants. Defendants then have 30 days, usually, to respond to the discovery requests. After receiving defendants' discovery requests, if plaintiff is dissatisfied with the responses, plaintiff is under a duty to contact defendants and attempt in good faith to resolve the areas of disagreement or dissatisfaction. Only after exhausting all of these avenues is plaintiff allowed to file a motion to compel discovery. Plaintiff's motion not only does not specify what discovery he seeks to compel, it also does not show that plaintiff has exhausted the above prerequisite avenues for obtaining discovery. Accordingly, the motion is without merit at this point.

As to Mr. Clark's request for court-appointed counsel, the court denies that motion as well.  "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel."  <u>Edgington v. Missouri Dep't of Corrections</u>, 52 F.3d 777, 780 (8th Cir. 1995).  The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim."  <u>Davis v. Scott</u>, 94 F.3d 444, 447 (8th Cir. 1996).  This case is not factually complex.  Plaintiff alleges defendants, the law enforcement officers who arrested him, used excessive force.  <u>See</u> Docket No. 1 at pp. 4, 6.  Specifically, Mr. Clark alleges Officer John Gross stopped Clark's vehicle on April 14, 2014.  Docket 1, p. 4.  Officer Gross observed something in Mr. Clark's mouth and ordered him to spit it out.

Mr. Clark claims he spit out all the contents of his mouth (a bag of marijuana), but because Officer Gross did not believe him, he

> grabbed my neck telling me to spit it out.  He started choking me saying spit it out, he had already put the handcuffs on me from the bag of marijuana so while he was choking me I couldn't breathe and fainted to where I fell out and busted my knee cap and hit my head on the ground.  When I came to Officer Gross was digging a pen in my mouth trying to get what he claimed was in there to where he chipped my tooth with the pen and didn't stop until he saw me spitting up blood.  He told his partner that I swallowed whatever it was and to take me to the hospital and while at the hospital he told me that I'll be charged for cocaine because the bag I had in my hand tested positive for it in the field test.  When I got to the hospital I had a busted knee and a lump on my head.

3

Complaint, Docket 1 at p. 4. Mr. Clark details his allegations against Officer Doppenberg on page 6 of his Complaint:

> All of the sudden I felt someone come and grab me from behind and start pulling me I was already in handcuffs and shackles. I told the officer Eric that he was hurting me and the shackles were cutting my ankles because he was pulling me too fast I told him I couldn't move fast enough and started to slow down he picked me up by my pants then slammed me on the ground and pulled my hair out. He called for back up and the officers came and put me in a chair for about 7 hours then made me stay in segregation for 2 weeks. I never resisted from him because I was already in handcuffs and shackles so why did he use excessive force? Mr. Doppenberg hurt me to where I had to take medication because I felt everyone was out to get me and I couldn't sleep at night from fear and hearing voices.

Docket 1, p. 6. Mr. Clark alleges he retains scars from the handcuffs and shackles and the hair Officer Doppenberg pulled out has not grown back. Id.

As the facts alleged by Mr. Clark are straight-forward, so also the law applicable to his claims against defendants Gross and Doppenberg is easily understood. Each officer's conduct is evaluated separately because "an officer may be held liable only for his or her own use of excessive force." Grider v. Bowling, 2015 WL 2168302 (8th Cir. May 11, 2015 at * 2) (quoting Smith v. City of Minneapolis, 754 F.3d 541, 547-48 (8th Cir. 2014)). The police "undoubtedly have a right to use some degree of physical force, or threat thereof, to effect a lawful seizure and reasonable applications of force may well cause pain or minor injuries with some frequency." Chambers v. Pennycook, 641 F.3d 898, 907 (8th Cir. 2011). "The test for establishing a constitutional violation under the Fourth Amendment's right to be free from excessive force is 'whether the amount of force used was objectively reasonable under the

circumstances.' " Montoya v. City of Flandreau, 669 F.3d 867, 871 (8th Cir. 2012) (quoting Brown v. City of Golden Valley, 574 F.3d 491, 496 (8th Cir. 2009)).

To determine whether the use of force was reasonable, the court balances the nature and quality of the intrusion on the person's Fourth Amendment interests against the governmental interests at stake. The factors to consider are (1) the severity of the crime, (2) the danger the suspect poses to the officer or others, and (3) whether the suspect is actively resisting arrest or attempting to flee. Montoya, 669 F.3d at 871 (citing Cook v. City of Bella Villa, 582 F.3d 840, 849 (8th Cir. 2009)). "The degree of injury suffered, to the extent it tends to show the amount and type of force used, is also relevant to our excessive force inquiry." Id. (quoting Chambers, 641 F.3d at 906). "And while 'not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment,' we have repeatedly acknowledged, 'force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest and pose no threat to the security of the officers or the public.' " Montoya, 669 F.3d at 871 (quoting Cook, 582 F.3d at 849; and Brown, 574 F.3d at 499).

Like all individuals untrained in the law, plaintiff may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter. The court would not benefit from the assistance of counsel at this point in the proceedings. Plaintiff, although incarcerated, is able to investigate the facts of his claim. It is not clear at the present time

5

whether there will be conflicting testimony in this case.  The legal issues involved do not appear to be legally complex at this point in the proceedings.  Considering all the relevant factors, as discussed above, and upon the record to-date, it is hereby

ORDERED that plaintiff's motion for appointment of counsel and motion to compel [Docket No. 29] is denied without prejudice.

DATED this 29th day of September, 2015.

BY THE COURT:

_Veronica L. Duffy_
VERONICA L. DUFFY
United States Magistrate Judge